UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ANDRE JOHNSON,

                              Petitioner,

              -against-

PEOPLE OF THE STATE OF NEW YORK,

                              Respondent.

20-CV-10066 (LLS)

ORDER

COLLEEN McMAHON, Chief United States District Judge:

Petitioner, currently incarcerated at Orleans Correctional Facility, brings this *pro se* petition challenging his August 7, 2013 conviction in the New York Supreme Court, New York County. By order dated December 9, 2020, the Court granted Petitioner's request to proceed *in forma pauperis*. The Court directs Petitioner to file a declaration within sixty days of the date of this order showing cause why this application should not be denied as time-barred.

**DISCUSSION**

**I.     Applicable Statute of Limitations**

Petitioner's application may be time-barred. A prisoner seeking *habeas* relief under § 2254 must generally file a petition within one year from the latest of four benchmark dates: (1) when the judgment of conviction becomes final; (2) when a government-created impediment to making such a motion is removed; (3) when the constitutional right asserted is initially recognized by the Supreme Court, if it has been made retroactively available to cases on collateral review; or (4) when the facts supporting the claim(s) could have been discovered through the exercise of due diligence. *See* 28 U.S.C. § 2244(d)(1)-(2).

Petitioner alleges that on August 7, 2013, he was convicted in the New York Supreme Court, New York County, and sentenced to seven years' incarceration and five years' post-release supervision. (*See* ECF 2, at 1.) Court records show that on September 29, 2015, the New York

Supreme Court Appellate Division, First Department, affirmed the conviction, *see People v. Johnson*, 131 A.D.3d 893 (2015), and the New York Court of Appeals denied leave to appeal on December 4, 2015, *see* 26 N.Y. 1089 (2015).[1] Petitioner's conviction consequently became final on March 3, 2016, following "the expiration of [the] 90-day period of time to petition for *certiorari* in the Supreme Court of the United States." *Warren v. Garvin*, 219 F.3d 111, 112 (2d Cir. 2000). Petitioner placed this petition in the prison mail collection box on or about November 18, 2020, more than four years after the judgment of conviction became final.[2]

## II.    Leave to File Declaration

The Court therefore directs Petitioner to file a declaration within sixty days of the date of this order stating why this application should not be dismissed as time-barred. If Petitioner files a declaration, he should include, if relevant: (1) the dates of any postconviction applications filed in state court challenging this conviction, including any petition for a writ of *error coram nobis*, any motions brought under N.Y. Crim. P. L. § 440, or any other postconviction applications; and (2) the dates when any postconviction applications were decided, including any appeals. *See* 28 U.S.C. § 2244(d)(2).

Petitioner also should allege, if relevant, any facts showing that he has been pursuing his rights diligently and that some extraordinary circumstance prevented him from timely submitting this petition. *See Holland v. Florida*, 560 U.S. 631, 649 (2010) (holding that one-year limitations

---

[1] Petitioner states that the Court of Appeals denied leave on December 4, 2019, which is incorrect. Court records show that the appeals court rendered its decision in 2015. *See People v. Johnson*, 26 N.Y. 1089 (2015).

[2] Under the federal *habeas corpus* statute, when postconviction motions are filed before the expiration of the statute of limitations, those motions and related state-court proceedings may toll the statute of limitations. *See* 28 U.S.C. § 2244(d)(2). Here, Petitioner does not allege that he filed any postconviction motions in the New York state courts.

period under § 2244(d) for *habeas corpus* petitions under 28 U.S.C. § 2254 is subject to equitable tolling in appropriate cases).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. Petitioner is directed to file a declaration within sixty days of the date of this order showing why the petition should not be dismissed as time-barred. A declaration form is attached to this order. If Petitioner timely files a declaration, the Court shall review it, and if proper, shall order the Respondent to answer. If Petitioner fails to comply with this order within the time allowed, and cannot show good cause to excuse such failure, the petition will be denied as time-barred. No answer shall be required at this time.

SO ORDERED.

Dated:     February 25, 2021
           New York, New York

                                        _Louis L. Stanton_
                                        Louis L. Stanton
                                        U.S.D.J.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the first and last name of each plaintiff or
petitioner.

Case No. _____ CV _____

-against-

_____

_____

_____

_____

Write the first and last name of each defendant or
respondent.

## DECLARATION

_____

_____

Briefly explain above the purpose of the declaration, for example, "in Opposition to Defendant's
Motion for Summary Judgment," or "in Response to Order to Show Cause."

I, _____ ,  declare under penalty of perjury that the

following facts are true and correct:

In the space below, describe any facts that are relevant to the motion or that respond to a court
order. You may also refer to and attach any relevant documents.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Attach additional pages and documents if necessary.

_____               _____
Executed on (date)                     Signature

_____        _____
Name                                    Prison Identification # (if incarcerated)

_____        _____    _____    _____
Address                                 City                 State       Zip Code

_____        _____
Telephone Number (if available)         E-mail Address (if available)